IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DONNY NEW,** | FILED: MAY 22, 2008 |
| Plaintiff, | No. 08CV2971    AEE |
| | JUDGE SHADUR |
| v. | MAGISTRATE JUDGE SCHENKIER |
| **JAMES MARINE, INC.,** | **Jury Trial Requested** |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, DONNY NEW, by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, JAMES MARINE, INC., states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, as this is a dispute between citizens of different States and the amount in controversy exceeds $75,000.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(a).

### PARTIES

4. Plaintiff, DONNY NEW, is an African-American citizen and resident of the State of Illinois.

5. Defendant, JAMES MARINE, INC., is a corporation properly recognized and sanctioned by the laws of the State of Kentucky, with its principal place of business in Kentucky.

## COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION

6. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7. Plaintiff began working for Defendant as a Welder in September 2007.

8. Throughout his career with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, his promotion to Certified Welder, and any assertion to the contrary is a pretext for discrimination.

9. From the outset of his employment, Defendant's predominately Caucasian managerial and employee staff have discriminated against Plaintiff by harassing him based on his race, African-American, and holding Plaintiff to a higher standard of conduct than his similarly situated Caucasian co-workers.

10. Shortly after the inception of his employment, in approximately late December 2007, while Plaintiff was stationed at Defendant's Dry-Dock facility, a noose was discovered by an African-American worker in a dry-dock hole, which Plaintiff subsequently observed.

11. That same day, Derrick Clark, Supervisor, held a meeting with the entire shift, explained that a noose had been found on the premises, promised that there would be an investigation, and asked that no one discuss the incident as it would be handled internally. Despite Supervisor Clark's assurances, on information and belief, no action was taken to investigate the circumstances surrounding the discovery of the noose.

12. Two weeks after the discovery of the noose, Defendant transferred Plaintiff to the James Built facility. Upon his transfer to the James Built facility, Plaintiff was the only African-

American individual on his assigned shift out of approximately twenty-five (25) employees.

13. Following his transfer to the new facility, as no action had been taken to rectify the racially hostile environment, the harassment directed against Plaintiff was accelerated.

14. Beginning with the transfer to the James Built facility, Defendant placed Plaintiff under the supervision of Homer Burkhead, a Caucasian Foreman.

15. Since his assignment to Foreman Burkhead, Plaintiff has been harassed based on his race, African-American, and held to a higher standard in the terms and conditions of his employment than his similarly situated Caucasian co-workers.

16. In contrast to Plaintiff, who was severely verbally reprimanded upon committing any purported rule violation, Foremen Burkhead allows Caucasian employees to come in late and violate other rules and procedures without discipline or comment.

17. Plaintiff has been forced to endure racial comments and epithets from Foreman Burkhead, including telling Plaintiff "I can't wait to get some of that black meat" or "what's in the middle of a black and white dick" and laughing at his own jokes.

18. Foreman Burkhead has further physically harassed Plaintiff in a manner not afforded to his similarly situated Caucasian co-workers.

19. On one occasion, Foreman Burkhead stood over Plaintiff while Plaintiff was on his knees welding to insinuate a sexual act. On another occasion, Burkhead placed a long black pole on his genitals and insinuated that Plaintiff should perform a sexual act upon him. These actions were witnessed by other Caucasian employees on the shift, many of whom laughed in response to Burkhead's actions.

20. On May 5, 2008, after Foreman Burkhead had made another racial comment approximately two (2) weeks earlier, Plaintiff met with Chad Walker, Caucasian Human Resources

Director, and Pam DeWeese, Caucasian Human Resources Representative, to complain of Foreman Burkhead's racially harassing and discriminatory treatment. Based on the consistent harassing treatment he had been forced to endure, Plaintiff requested a transfer to another shift where he would not have to interact with Foreman Burkhead.

21. Rather than granting Plaintiff's reasonable request, Defendant instead instructed Plaintiff to return to the Dry Dock facility, the location where a noose had been found only months earlier. As he was apprehensive of returning to the Dry Dock facility, Plaintiff requested that he be transferred to the first shift rather than being sent from one racially hostile location to another.

22. Despite Plaintiff's specific reports of discrimination, Defendant took no action to investigate his claims and continued to instruct Plaintiff to return to these racially hostile environments.

23. As Defendant's human resources and management employees had taken no action in response to his reports, Plaintiff collected notarized statements from his co-workers, including Albert Cogghe, Donyee Cavitt, Jerome Knight, and Josh Kimbler, to substantiate his claims.

24. After receiving these corroborating statements, rather than properly investigate Plaintiff's reports, Defendant instead targeted Plaintiff and his witnesses by threatening and harassing these individuals.

25. On May 7, 2008, Albert Cogghe, who had reported that he had witnessed Foreman Burkhead approach Plaintiff and insinuate a sex act, was told by Burkhead that if he gets fired over this "Donnie shit" that he would "take some people with me." That same day, Cogghe was given a writing warning from Foreman Burkhead for pre-textual reasons.

26. In addition, Josh Kimbler, who signed a statement that he had witnessed Foreman Burkhead tell Plaintiff "I can't wait to get some of that 'Black Meat'", was suspended for three days

4

shortly after the statement was provided to human resources.

27. On May 10, 2008, Plaintiff and his family left his residence for approximately ten minutes, only to return and find that his electricity had been tampered with and shut-off. In fear, Plaintiff and his family immediately packed his belongings and left the State the next day.

28. Two days later, on May 12, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end his employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

29. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, by subjecting him to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

30. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DONNY NEW, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole DONNY NEW by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to DONNY NEW;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – 42 U.S.C. § 1981- RETALIATION

31. Paragraphs one (1) through nineteen (19) are incorporated by reference as if fully set out herein.

32. On May 5, 2008, after Foreman Burkhead had made another racial comment approximately two (2) weeks earlier, Plaintiff met with Chad Walker, Caucasian Human Resources Director, and Pam DeWeese, Caucasian Human Resources Representative, to complain of Foreman Burkhead's racially harassing and discriminatory treatment. Based on the consistent harassing treatment he had been forced to endure, Plaintiff requested a transfer to another shift where he would not have to interact with Foreman Burkhead.

33. Plaintiff engaged in protected conduct under 42 U.S.C. § 1981, based on his opposition to and reporting of Defendant's discriminatory conduct towards African-American employees.

34. Rather than granting Plaintiff's reasonable request, Defendant instead instructed Plaintiff to return to the Dry Dock facility, the location where a noose had been found only months earlier. As he was apprehensive of returning to the Dry Dock facility, Plaintiff requested that he be

transferred to the first shift rather than being sent from one racially hostile location to another.

35. Despite Plaintiff's specific reports of discrimination, Defendant took no action to investigate his claims and continued to instruct Plaintiff to return to these racially hostile environments.

36. As Defendant's human resources and management employees had taken no action in response to his reports, Plaintiff collected notarized statements from his co-workers, including Albert Cogghe, Donyee Cavitt, Jerome Knight, and Josh Kimbler, to substantiate his claims.

37. After receiving these corroborating statements, rather than properly investigate Plaintiff's reports, Defendant instead targeted Plaintiff and his witnesses by threatening and harassing these individuals.

38. On May 7, 2008, Albert Cogghe, who had reported that he had witnessed Foreman Burkhead approach Plaintiff and insinuate a sex act, was told by Burkhead that if he gets fired over this "Donnie shit" that he would "take some people with me." That same day, Cogghe was given a writing warning from Foreman Burkhead for pre-textual reasons.

39. In addition, Josh Kimbler, who signed a statement that he had witnessed Foreman Burkhead tell Plaintiff "I can't wait to get some of that 'Black Meat'", was suspended for three days shortly after the statement was provided to human resources.

40. On May 10, 2008, Plaintiff and his family left his residence for approximately ten minutes, only to return and find that his electricity had been tampered with and shut-off. In fear, Plaintiff and his family immediately packed his belongings and left the State the next day.

41. Two days later, on May 12, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end his employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory

work environment resulted in a constructive termination of Plaintiff's employment.

42. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

43. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DONNY NEW, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race; and retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole DONNY NEW by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to DONNY NEW;

F. Grant Plaintiff his attorney's fees, costs, and disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the

public interest.

## JURY TRIAL DEMAND

44. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

>
> Respectfully submitted,
> DONNY NEW, Plaintiff,
>
>
> By: s/Lisa Kane
>     Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, DONNY NEW, declare under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2008.

_____
DONNY NEW